# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NADINE YVONNE GRIFFIN,
   Appellant,

  v.

DEPARTMENT OF VETERANS
  AFFAIRS,
   Agency.

DOCKET NUMBER
AT-0752-18-0292-I-1

DATE: June 11, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Nadine Yvonne Griffin</u>, Auburn, Alabama, pro se.

<u>Tsopei T. Robinson</u>, Esquire, West Palm Beach, Florida, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her constructive removal appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was a Supervisory Social Worker, GS-0185-12, with the agency's Central Alabama Veterans Health Care System. Initial Appeal File (IAF), Tab 4 at 10, 22. In February 2018, the agency issued the appellant a decision to demote her to the position of Social Worker, GS-0185-11, based on charges of inappropriate behavior and inappropriate conduct. *Id*. at 10-12. The appellant resigned from her position 7 days after the issuance of the decision and 2 days before the decision was to take effect. *Id*. at 10-12, 22.

The appellant timely filed a Board appeal alleging that she involuntarily resigned from her position after the agency issued the decision to demote her, and she requested a hearing. IAF, Tab 1 at 2, 5. She alleged that her resignation was due to the exacerbation of medical issues caused by stress from ongoing harassment, discrimination, and prohibited personnel actions, and that she was subjected to retaliation "for speaking up and against unjust and discriminatory practices." *Id*. at 5. After affording the appellant an opportunity to demonstrate that the Board had jurisdiction over her resignation, the administrative judge

issued a decision on the written record dismissing the appeal for lack of jurisdiction. IAF, Tab 7, Tab 10, Initial Decision (ID). Specifically, the administrative judge found that there was no indication that the appellant was subjected to working conditions so unpleasant that a reasonable person would have felt compelled to resign; thus, the appellant had failed to make a nonfrivolous allegation of facts that, if proven, could show that her resignation was involuntary. ID at 6-8.

The appellant timely filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency filed an opposition to the petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

An employee-initiated action, such as a resignation, is presumed to be voluntary and thus outside the Board's jurisdiction. *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 12 (2010). However, employee-initiated actions that appear voluntary on their face are not always so, and such actions may be appealed to the Board as constructive adverse actions. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 7 (2013). To prove jurisdiction over a constructive adverse action, an appellant must show that (1) she lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived her of that choice. If an appellant makes a nonfrivolous allegation that the jurisdictional elements are satisfied, she is entitled to a hearing at which she must prove jurisdiction by a preponderance of the evidence. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc). To meet the nonfrivolous allegation standard, an appellant need only plead allegations of fact that, if proven, could show jurisdiction. *Pariseau v. Department of the Air Force*, 113 M.S.P.R. 370, ¶ 14 (2010). As set forth below, the appellant has not made a nonfrivolous allegation that she lacked a meaningful choice in her resignation.

<u>The administrative judge properly adjudicated the appeal as an constructive removal.</u>

On petition for review, the appellant argues that the Board had jurisdiction over her demotion, the penalty of demotion was unreasonable, and the agency's improper demotion action contributed to her resignation. PFR File, Tab 1 at 5, 7. The administrative judge properly adjudicated the instant appeal as a constructive adverse action because the appellant resigned prior to the effective date of the demotion, and although she later attempted to rescind her resignation, she was not entitled to have her resignation rescinded after its effective date. IAF, Tab 1 at 5, Tab 4 at 22; ID at 2-3; *see Glenn v. U.S. Soldiers' and Airmen's Home*, 76 M.S.P.R. 572, 577 (1997) (holding that the appellant was not entitled to rescind her resignation after the effective date of the resignation).

To the extent that the appellant alleges that her resignation was induced by a threat to take an adverse action that the agency knew could not be substantiated, she has failed to allege facts that, if proven, could prove such an allegation. *See Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996) (holding that an example of an involuntary resignation based on coercion is a resignation induced by a threat to take disciplinary action that the agency knows could not be substantiated). The appellant's assertion that the agency did not consider certain mitigating factors does not constitute a nonfrivolous allegation that the agency knew that the demotion could not be substantiated. PFR File, Tab 1 at 7. Additionally, in arguing that she was subjected to a harsher penalty than other agency employees, her accounts of misconduct committed by her coworkers reflect that one coworker was subjected to a harsher penalty than demotion, and the other three coworkers allegedly committed misconduct that is not substantially similar to the appellant's misconduct. The appellant's allegations, even if proven, would not show that the agency knew that the penalty of demotion could not be substantiated. IAF, Tab 5 at 10-12; PFR File, Tab 1 at 7; *see, e.g., Graham v. Department of the Treasury*, 1999 WL 38828, at *4 (Fed. Cir. Jan. 28,

1999) (nonprecedential) (providing that the appellant did not make a nonfrivolous allegation that the agency knew it could not establish that the penalty was reasonable where the appellant did not show that any other employee had committed similar misconduct).[2]

On review, the appellant also argues that the administrative judge failed to apply the standard to establish jurisdiction over an individual right of action (IRA) appeal and that the agency's retaliation against her for whistleblowing activity resulted in her resignation. She has submitted documentation in support of her claim. PFR File, Tab 1 at 6-7, 18-53. In a separate initial decision, the administrative judge dismissed as untimely filed the appellant's IRA appeal, which alleged whistleblower retaliation on the same grounds alleged in the instant petition.[3] *Griffin v. Department of Veterans Affairs*, MSPB Docket No. AT-1221-18-0293-W-1, Initial Decision (Apr. 26, 2018). However, we have considered the appellant's whistleblower retaliation claim to the extent it goes to the ultimate question of coercion in determining whether she has alleged facts that, if proven, could show jurisdiction. *See Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶ 24 (2004) (providing that, where an appellant raises allegations of reprisal for whistleblowing activity in connection with a constructive removal claim, evidence of reprisal goes to the ultimate question of coercion). The administrative judge considered most of the actions that the appellant claims are retaliatory in determining that the appellant had not made a nonfrivolous allegation of jurisdiction; however, as discussed further below, we have considered the appellant's additional allegations that the agency denied her telework and did not respond to her request for leave under the Family and

---

[2] The Board may follow a nonprecedential decision of the U.S. Court of Appeals for the Federal Circuit when, as here, it finds its reasoning persuasive. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016).

[3] The appellant's petition for review of the initial decision dismissing her IRA appeal as untimely filed has been addressed in a separate order. *Griffin v. Department of Veterans Affairs*, MSPB Docket No. AT-1221-18-0293-W-1, Final Order (Nov. 23, 2023).

Medical Leave Act, but conclude that the totality of the circumstances do not support a finding that she made a nonfrivolous allegation that her resignation was involuntary. ID at 4-8; *see Griffin v. Department of Veterans Affairs*, MSPB Docket No. AT-1221-18-0293-W-1, Initial Appeal File (0293 IAF), Tab 5.

<u>The appellant has not alleged facts that, if proven, could show that her resignation was the result of the agency's misleading statements.</u>

On review, the appellant argues that she was given misinformation when the agency incorrectly stated the effective date of the demotion as February 18, 2017, the agency stated that the reduction in her grade would be to a GS-11 without providing a step level, and the agency did not include in her Standard Form 50 the reasons for her resignation that she cited in her resignation letter, and instead stated that she resigned after receiving notice of the demotion. PFR File, Tab 1 at 6. We have considered the appellant's arguments but find that they do not entitle her to a jurisdictional hearing, as the appellant has failed to explain how the alleged agency actions and omissions caused her to rely on them to her detriment in choosing to resign. *See Aldridge v. Department of Agriculture*, 111 M.S.P.R. 670, ¶ 8 (2009) (providing that an appellant who claims that an involuntary action resulted from misinformation must show that the agency made misleading statements and that she reasonably relied on the misinformation to her detriment).

<u>The appellant had not alleged facts that, if proven, could show that her resignation was the result of duress or coercion by the agency.</u>

The appellant alleges in her petition for review that the administrative judge erred in finding that her complaints were the result of her dissatisfaction with her work environment, her coworkers, and agency investigations leading to her demotion, rather than her intolerable working conditions. PFR File, Tab 1 at 7. She also argues that a February 15, 2018 email from human resources staff

7

made her feel under duress to resign.[4]  *Id.* at 6.  Finally, the appellant argues that she was denied discovery vital to her case.  *Id.* at 5.

We have considered each of the appellant's arguments, in addition to the evidence and argument she provided below, and conclude that she has not met her burden to plead allegations of facts that, if proven, could show that her resignation was the result of the agency's coercive acts.  The appellant's evidence does not suggest that the agency encouraged her to resign or that, despite the agency's investigations into her conduct, which resulted in the agency detailing her to another position and the decision to demote her; the denial of telework as an accommodation; the agency's failure to act on her leave request; and interpersonal conflicts, her working conditions were made so difficult that a reasonable person in her position would have felt compelled to resign.  *See, e.g., Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶¶ 19-20 (2008) (explaining that allegations of being assigned to onerous tasks, being unjustifiably threatened with discipline, and being subjected to unnecessary investigations did not suffice to make a nonfrivolous allegation of jurisdiction over an involuntary resignation based on coercion); *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000) (providing that dissatisfaction with work assignments, a feeling of being unfairly criticized or difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign).  Additionally, the appellant does not explain how discovery would have assisted her in making a nonfrivolous allegation of jurisdiction.  Accordingly, we affirm the initial decision dismissing the appeal for lack of jurisdiction.

---

[4] The February 15, 2018 email is not included in the record of the instant case; rather, the appellant submitted the document in her IRA appeal.  0293 IAF, Tab 6 at 4.  Nevertheless, we have considered it for the purpose of determining whether the appellant has made a nonfrivolous allegation of jurisdiction.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]   The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                      _____
                                    Gina K. Grippando
                                    Clerk of the Board

Washington, D.C.